IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-314

No. COA19-250-2

Filed 6 July 2021

Alamance County, No. 13 CRS 3976

STATE OF NORTH CAROLINA

v.

WILLIAM LEE SCOTT

Appeal by defendant from judgment entered 23 July 2018 by Judge Paul C. Ridgeway in Alamance County Superior Court. Heard in the Court of Appeals 15 October 2019. A divided panel of this Court found no prejudicial error in defendant's conviction by opinion filed 21 January 2020. *State v. Scott*, 269 N.C. App. 457, 838 S.E.2d 676 (2020). By opinion filed 16 April 2021, the Supreme Court of North Carolina remanded to this Court "to apply the proper standard and review this matter[.]" *State v. Scott*, __ N.C. __, 2021-NCSC-41, ¶ 11 (2021).

*Attorney General Joshua H. Stein, by Assistant Attorney General Kathryne E. Hathcock, for the State.*

*M. Gordon Widenhouse, Jr., for defendant-appellant.*

TYSON, Judge.

The Supreme Court of North Carolina remanded this case to this Court to determine whether the State has carried its burden to prove and to apply a harmless

error beyond a reasonable doubt standard of review to Defendant's claim of constitutional error. Defendant's blood had been unlawfully seized from a hospital where Defendant was treated following an auto collision. This Court previously concluded the admission of blood alcohol concentration ("BAC") search results of Defendant's blood was error. On remand, we determine whether the State has proved the Fourth Amendment seizure violation was harmless beyond a reasonable doubt. *See* U.S. Const. amend. IV.

## I.    Fourth Amendment Search

The Fourth Amendment of the Constitution of the United States guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. The Supreme Court of the United States observed:

> [t]he interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained. In the absence of a clear indication that in fact such evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search.

*Schmerber v. California*, 384 U.S. 757, 769-70, 16 L. Ed. 2d 908, 919 (1966). "The [Fourth] Amendment thus prohibits 'unreasonable searches,' . . . [and] the taking of a blood sample . . . is a search." *Birchfield v. North Dakota*, 579 U.S. \_\_\_, \_\_\_, 195 L. Ed. 2d 560, 575 (2016); *see also State v. Romano*, 369 N.C. 678, 685, 800 S.E.2d 644,

649 (2017) ("drawing blood . . . constitutes a search under both the Federal and North Carolina Constitutions.").

¶ 3 The Supreme Court of the United States also concluded: "The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." *Grady v. North Carolina*, 575 U.S. 306, 310, 191 L. Ed. 2d 459 (2015) (*per curiam*). Blood tests: (1) "require piercing the skin and extract[tion of] a part of the subject's body"; (2) are "significantly more intrusive than blowing into a tube"; and (3) place in the hands of law enforcement "a sample that can be preserved and from which it is possible to extract information beyond a simple BAC reading." *Birchfield*, 579 U.S. at ___, 195 L. Ed. 2d at 565-66 (citations and internal quotation marks omitted).

¶ 4 Without probable cause, exigent circumstances, or an exception to the warrant requirement, a warrantless search violates the Fourth Amendment to the Constitution of the United States. This Court unanimously agreed Defendant's constitutional rights were violated. *State v. Scott*, 269 N.C. App. 457, 465, 838 S.E.2d 676, 681 (2020), *rev'd*, ___ N.C. ___, 2021-NCSC-41 (2021). *See* U.S. Const. amend. IV; *State v. Welch,* 316 N.C. 578, 587, 342 S.E.2d 789, 794 (1986) (interpreting the balancing test set forth in *Schmerber*, 384 U.S. at 770–72, 16 L. Ed. 2d at 919-20, as "forbidding law enforcement authorities acting without a search warrant from

requiring a defendant to submit to the drawing of a blood sample unless probable cause and exigent circumstances exist to justify a warrantless seizure of the blood sample").

¶ 5      This Court also unanimously agreed Defendant's motion to suppress should have been allowed. *Scott*, 269 N.C. App. at 465, 838 S.E.2d at 681. The order resulting in the production of the blood to the State was not based on either probable cause or exigent circumstances. *Id.* at 464–65, 838 S.E.2d at 681.

¶ 6      We previously concluded Defendant's Fourth Amendment rights were violated by law enforcement officers, compelling the production and seizure of his blood from the hospital without a warrant. We review whether the State has proved the subsequent introduction of evidence obtained from the State Bureau of Investigation laboratory's analysis of Defendant's blood and its admission at trial, was harmless beyond a reasonable doubt.

## II.      Standard of Review

¶ 7      Upon remand, the State must show, and this Court applies a harmless error beyond a reasonable doubt standard of review. The standard of review for federal constitutional errors applies to this case. *See State v. Ortiz-Zape*, 367 N.C. 1, 13, 743 S.E.2d 156, 164 (2013) ("When violations of a defendant's rights under the United States Constitution are alleged, harmless error review functions the same way in both federal and state courts." (quoting *State v. Lawrence*, 365 N.C. 506, 513, 723

S.E.2d 326, 331 (2012)); *State v. Autry*, 321 N.C. 392, 399, 364 S.E.2d 341, 346 (1988) ("[If] the search violated defendant's constitutional rights and . . . the evidence . . . was improperly admitted at trial, we find any such error in its admission harmless beyond a reasonable doubt."); *State v. Peterson*, 361 N.C. 587, 594, 652 S.E.2d 216, 222 (2007).

¶ 8        N.C. Gen. Stat. § 15A-1443(b) "reflects the standard of prejudice with regard to violation of the defendant's rights under the Constitution of the United States, as set out in the case of *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d at 705 (1967)." N.C. Gen. Stat. § 15A-1443 official cmt. (2019). The burden falls "upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C. Gen. Stat. § 15A-1443(b) (2019); *see also Brecht v. Abrahamson*, 507 U.S. 619, 630, 123 L. Ed. 2d 353, 367 (1993); *Chapman*, 386 U.S. at 24; 17 L. Ed. 2d at 710-11; *Lawrence*, 365 N.C. at 513, 723 S.E.2d at 331. "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that [the error] was harmless beyond a reasonable doubt." *Chapman*, 386 U.S. at 24, 17 L. Ed. 2d at 708; *see also Davis v. Ayala*, 576 U.S. 257, 267, 192 L. Ed. 2d 323, 332-33 (2015); N.C. Gen. Stat. § 15A-1443(b).

### III.    Harmless Error Beyond a Reasonable Doubt

¶ 9        This Court allowed and received supplemental briefing on this issue from both parties. The State argues any error in the introduction and admission of the blood

evidence and the results of BAC testing performed on the blood was harmless error beyond a reasonable doubt. The State argues other overwhelming evidence was properly admitted into evidence to show both: (1) Defendant was passing another vehicle at a high rate of speed in a no passing zone; and, (2) his admission he was driving recklessly and grossly speeding at and near the time of the collision with Veocia Warren's vehicle. The State asserts this evidence independently supports the jury's conclusion to prove the malice required for a conviction of second-degree murder by a motor vehicle to support the verdict beyond a reasonable doubt.

¶ 10 The State also argues Defendant's multiple prior convictions for impaired driving and speeding show knowledge, intent, and absence of mistake independently support the verdict and prove the introduction of the blood evidence was harmless beyond a reasonable doubt. The trial court also instructed the jury disjunctively that to convict, it must find "the defendant drove while impaired, *and or* drove in excess of the posted speed limit, *and or* drove recklessly." (emphasis supplied).

¶ 11 The trial court stated, "I'm not sure what the evidence of impairment is. You know, there will be a motion to dismiss at the end of the State's case. And as I understand the case, it rises or falls on the blood evidence." As the trial court predicted, this Court and the Supreme Court of North Carolina agreed, "[t]he first and only indication of Defendant's intoxication were results of tests on Defendant's

blood samples taken from the hospital and tested over a week later at the SBI laboratory." *Scott*, 269 N.C. App. at 463, 838 S.E.2d at 680.

¶ 12        No person involved in the accident or investigation suspected Defendant was impaired.  No one noticed any odor of alcohol on his breath, slur in his speech, nor any other signs of impairment at the scene of the collision, while being transported to the hospital, while at the hospital, nor at the home interview with officers after his release.

¶ 13        The State's evidence overcomes a motion to dismiss based upon Defendant's speeding and reckless driving and his prior record to show malice.  This showing does not end the inquiry. The State has not carried its burden to prove the admission of the blood evidence to demonstrate the federal constitutional error is "harmless beyond a reasonable doubt." *Lawrence*, 365 N.C. at 513, 723 S.E.2d at 331 (citation omitted).  *See* N.C.P.I. -- Crim. 206.32A (2010).

¶ 14        The jury returned a general verdict form that did not specify the specific ground or grounds upon which it found to support malice.  The day prior to trial, the State dismissed the misdemeanor death by vehicle count.  The State proceeded to trial with the second-degree murder and felony death by vehicle charges. After the jury's guilty verdicts on both charges, the trial court arrested judgment on the felony death by vehicle charge.

## IV.    Conclusion

The State presented sufficient evidence to survive Defendant's motion to dismiss. The State failed to carry its burden to demonstrate the constitutional error in the admission of the blood evidence was "harmless beyond a reasonable doubt." *Lawrence*, 365 N.C. at 513, 723 S.E.2d at 331. We vacate Defendant's conviction for second-degree murder, the trial court's judgment entered thereon, and remand for a new trial. *It is so ordered.*

NEW TRIAL.

Judges GORE and GRIFFIN concur.